**SIGNED THIS: November 20, 2006**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                       )
                                             )
PATRICIA IRENE CARTER,                       ) Bankruptcy Case No. 06-90141
                                             )
                    Debtor.                  )

OPINION

This matter having come before the Court for trial on a Motion for Relief from Stay filed by Ford Motor Credit Company, and Debtor's Objection to Motion for Relief from Automatic Stay Filed by Ford Motor Credit Company; the Court, having reviewed the exhibits submitted by the Movant and having heard arguments of counsel, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute, and are, in pertinent part, as follows:

1.   The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on February 16, 2006, scheduling Ford Motor Credit Company as a secured creditor, having a perfected security interest in the Debtor's 2002 Ford Escort automobile.

2.   On March 2, 2006, the Debtor filed an Amended Chapter 13 Plan in which she proposed to treat Ford Motor Credit Company as a secured creditor in the amount of $7,025, representing the fair market value of the Debtor's 2002 Ford Escort automobile, with said amount to be paid in full, together with 9% percent interest, over the 60 months of Debtor's plan at the rate of $147.54 per month. This payment was to be made by the Chapter 13 Trustee inside of the Debtor's plan. The Debtor further proposed that any deficiency above the amount of the secured claim would be paid by the Trustee as an unsecured claim.

3.   On May 9, 2006, an order was entered confirming the Debtor's Amended Chapter 13 Plan as filed, noting that there were no objections to confirmation, and that the Chapter 13 Trustee had filed a report recommending confirmation.

4.   The treatment afforded Ford Motor Credit Company under Debtor's confirmed plan reflects the timely proof of claim filed by Ford Motor Credit Company showing a secured claim of $7,025, and an unsecured claim of $3,931.34.

5.   On September 6, 2006, Ford Motor Credit Company filed its Motion for Relief from Stay and the Debtor filed her objection on September 14, 2006.

6.   On October 24, 2006, the Court held a preliminary hearing on the Motion for Relief from Stay and Debtor's objection, scheduling the matter for trial on November 14, 2006.

## Conclusions of Law

At trial on November 14, 2006, the parties agreed that there were no factual issues and that no witness testimony would be offered. Counsel for Ford Motor Credit Company tendered five exhibits which were admitted into evidence without objection. Thereafter, the parties presented brief legal argument for the Court's consideration.

In support of the Motion for Relief from Stay, counsel for Ford Motor Credit Company argued that, pursuant to the provisions of 11 U.S.C. § 362(d)(1), Ford Motor Credit Company lacked adequate protection for its security interest based upon the fact that the Chapter 13 Trustee has yet to have made any payment of Ford Motor Credit Company's secured claim, contrary to the terms of the Debtor's confirmed plan. Counsel for Ford Motor Credit Company asserted that the Creditor was entitled to the sum of $147.54 per month from the date of confirmation of the Debtor's Amended Chapter 13 Plan, on May 9, 2006, and, in the absence of any such payments, the Court should find that the Debtor has defaulted in her proposed treatment of Ford Motor Credit Company and, as such, Ford Motor Credit Company was entitled to immediate relief from the automatic stay.

While he concedes that the Chapter 13 Trustee has not yet begun making payments to Ford Motor Credit Company on its secured claim, Debtor's counsel accurately points out that there has been no default by the Debtor. The Debtor's payments to the Chapter 13 Trustee are made by automatic wage deduction, and the record reflects that the Debtor is current in her payments to the Trustee. The lack of payment on Ford Motor Credit Company's secured claim to date results from the long-standing practice in this District of allowing Chapter 13 Trustee's to pay certain administrative claims in full prior to making distributions to secured creditors. Once the administrative claims have been paid, the Chapter 13 Trustee will begin distributing an amount to Ford Motor Credit Company which will actually exceed the monthly payment stated in the Debtor's Amended Chapter 13 Plan until such time as any post-confirmation arrearages on the secured claim are cured in full. After Ford Motor Credit Company's secured claim is current, the Trustee will distribute the sum of $147.54 per month for the remaining period of Debtor's Amended Chapter 13 Plan. There are no facts before the Court to indicate that the instant case is not proceeding as it should under standing practice.

Given the undisputed facts before it, the Court must conclude that Movant, Ford Motor Credit Company, has failed to establish lack of adequate protection pursuant to 11 U.S.C. §

3

362(d)(1). Although Movant has not yet begun receiving payments through the Chapter 13 Trustee, the record reflects that the Debtor is current on her payments to the Trustee. Additionally, the Movant continues to have a perfected security interest on the Debtor's vehicle which will remain in place until such time as Movant's secured claim is paid in full, plus interest. All of the facts and circumstances known at present point to Debtor's successful completion of her confirmed plan.

Even though the Court has ruled in Debtor's favor under the undisputed facts in the instant case, the Court remains cognizant of the concerns that secured creditors, such as Ford Motor Credit Company, have when faced with delay in payment from the Chapter 13 Trustee. As a remedy for these situations, creditors are entitled to move for adequate protection payments and request that payments begin in some amount starting with the very first payment Debtor makes to the Chapter 13 Trustee. Such motions for adequate protection are frequently approved by the Court, either by agreement of the parties or where a moving creditor establishes a need for immediate payment. In fact, a review of the instant case shows that Creditor, Ford Motor Credit Company, did file a Motion for Adequate Protection prior to the confirmation of the Debtor's Amended Chapter 13 Plan, but withdrew that motion prior to a hearing. In sum, the Court finds that it will continue to review issues such as those raised by Ford Motor Credit Company in this case on a case by case basis, taking into consideration the totality of circumstances.

###